Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4211 | **DATE** | January 24, 2012 |
| **CASE TITLE** | Clay vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

The Court awards costs in the amount of $2,113.00 to Defendant.

■ [ For further details see text below.]

Docketing to mail notices.

# ORDER

This case comes before the Court on the bill of costs of Defendant City of Chicago ("Defendant"). For the reasons stated below, the Court awards costs in the amount of $2,113.00 to Defendant.

Plaintiffs Mary Clay, Earnestine Russell, Marian Hoover, Nona Smith, and Nance Dulaj (collectively, "Plaintiffs") filed a class action suit against Defendant, alleging due process and equal protection claims under 42 U.S.C. § 1983 and state law claims for breach of express contract and breach of implied contract. On June 30, 2010, the Court granted summary judgment in favor of Defendant on the due process claims, equal protection claim, and express contract claim and granted summary judgment in favor of Plaintiffs on the implied contract claim.

This Court previously issued an analogous summary judgment ruling in a similar case, *Marcatante v. City of Chicago*, No. 06 C 328, 2008 WL 905160 (N.D. Ill. Mar. 31, 2008) (Kocoras, J.). On August 24, 2011, the United States Court of Appeals for the Seventh Circuit reversed the portion of the Court's ruling in *Marcatante* that granted summary judgment in favor of the plaintiffs on the implied contract claim and remanded with instructions to enter summary judgment for the defendant. *Marcatante v. City of Chi.*, 657 F.3d 433, 440-44 (7th Cir. 2011). The Seventh Circuit's judgment in *Marcatante* stated "Each side to bear own cost."

Following the Seventh Circuit's ruling in *Marcatante*, on November 3, 2011, the Court granted Defendant's oral renewed motion for summary judgment on Plaintiffs' implied contract claim. That same day, the Court entered judgment in favor of Defendant.

On December 5, 2011, Defendant filed a bill of costs, seeking to recover $2,267.00. Specifically, Defendant requests $1,796.20 for deposition costs and $470.80 for exemplification and copies of papers.

| ORDER |
|---|

      A prevailing party may recover costs other than attorney's fees. Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, the recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters.

      Plaintiffs state several objections to Defendant's bill of costs. First, Plaintiffs contend that this Court should deny Defendant's bill of costs because the Seventh Circuit's order in the similar case, *Marcatante*, stated "Each side to bear own cost." When an appellate court's order states that each party will bear its own costs, the ruling refers only to those costs taxable in the appellate court. *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 448 (7th Cir. 2007). Thus, even if this Court found that the Seventh Circuit's order in *Marcatante* influences the issue of costs in this case, and it does not, the order relates only to the costs taxable in the appellate court and does not effect Defendant's right to recover costs under Rule 54(d)(1) and 28 U.S.C. § 1920.

      Finally, Plaintiffs object to Defendant's recovery of in-house copying costs. Plaintiffs argue, and Defendant concedes, that Defendant can only recover for the cost of one copy of each document. Accordingly, Defendant cannot recover for the cost of copying 770 duplicate pages (at $0.20 per page) and the Court reduces Defendant's request for costs by $154.00. Plaintiffs also argue that Defendant cannot recover $0.20 per page because Defendant did not present evidence demonstrating the reasonableness of the rate. However, courts have found that a copy rate of $0.20 per page is reasonable. *See Heneghan v. City of Chi.*, 2011 WL 4628705, at *2 (N.D. Ill. Oct. 3, 2011); *see also Vito & Nick's, Inc. v. Barraco*, 2008 WL 4594347, at *5 (N.D. Ill. Oct. 10, 2008). Accordingly, Defendant may recover $0.20 per page for in-house copies of documents.

      For the foregoing reasons, this Court awards costs in the amount of $2,113.00 to Defendant.

**Date: January 24, 2012**

*/s/ Charles P. Kocoras*
**CHARLES P. KOCORAS**
**U.S. District Judge**